1  Alexander F. MacKinnon (SBN 146883)     ENTER JS-6
   Email: alexander.mackinnon@kirkland.com
2  Terry Huang (SBN 253691)
   Email: terry.huang@kirkland.com
3  KIRKLAND & ELLIS LLP
   333 South Hope Street
4  Los Angeles, California  90071
   Telephone: (213) 680-8400
5  Facsimile: (213) 680-8500

6  Attorneys for Plaintiffs
   3M Innovative Properties Company, 3M
7  Unitek Corporation,
   and 3M Company
8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12 3M INNOVATIVE PROPERTIES        ) CASE NO. CV10-521 RSWL (JCx)
   COMPANY, a Delaware corporation, 3M )
13 UNITEK CORPORATION, a California )
   corporation, and 3M COMPANY, a  )
14 Delaware corporation,           ) **CONSENT JUDGMENT ORDER**
                                   )
15        Plaintiffs,              )
                                   )
16     vs.                         )
                                   )
17 TP ORTHODONTICS, INC., an Indiana )
   corporation,                    )
18                                 )
          Defendant.                )
19 _____)

20

21

22

23

24

25

26

27

28

The parties have agreed to settle all claims in the above-captioned matter, pursuant to a confidential Settlement Agreement (the "Settlement Agreement"), and to the entry of this Consent Judgment. The Court, being advised of the parties' agreement, HEREBY ORDERS, ADJUDGES, AND DECREES THAT:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and personal jurisdiction over the parties. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

2. Plaintiff 3M Innovative Properties Company is the assignee and owner of U.S. Patent No. 5,348,154 ("the '154 patent"), titled "Packaging Curable Materials," naming three 3M employees as inventors, on September 20, 1994. 3M Company is the exclusive licensee of the '154 Patent with the right to exercise all rights protected by or arising under the '154 Patent, and 3M Unitek is the exclusive sublicensee of the '154 Patent with the right to exercise all rights protected by or arising under the '154 Patent.

3. Defendant TP Orthodontics, Inc. ("TPO") acknowledges and agrees that it has infringed the '154 patent by making, using, offering for sale, and selling InVu with Readi-Base Pre-Applied Adhesive as articles that incorporate each and every element of the claims of the '154 patent, in violation of 35 U.S.C. § 271.

4. TPO and its respective officers, agents, representatives, affiliates, assignees, successors, and all persons acting on behalf of or at the direction of, or in concert or participation with TPO are hereby permanently enjoined from making, using, offering to sell, selling, or importing into the United States any articles that infringe the '154 patent, from inducing others to infringe the '154 patent, and from contributing to the infringement of the '154 patent. This injunction shall not extend beyond the expiration of the '154 patent or beyond entry of a final, non-appealable judgment or order that the '154 patent is invalid and/or unenforceable.

5. The claims of the '154 patent are valid and enforceable for all purposes,

including this action, or any other cause of action for infringement of the '154 patent, even though the article alleged to infringe in any other such action may be different from the infringing article in this action.

6. TPO agrees not to challenge or cause to be challenged, directly or indirectly, the validity and/or enforceability of the '154 patent in any court or other tribunal, including the United States Patent and Trademark Office. TPO further agrees not to directly or indirectly aid, assist, or participate in any action or proceeding contesting the validity or enforceability of the '154 patent. Provided, however, that the foregoing two sentences shall not prevent TPO from responding to a valid subpoena issued by a court or governmental agency of competent jurisdiction. TPO waives, and agrees not to assert, any and all invalidity and unenforceability defenses and contentions as to the '154 patent in any present or future litigation, arbitration, or other proceeding, regardless of the structure or composition of the products at issue in such other action. This waiver and agreement apply to any past, present, and future orthodontic appliance or product made, used, sold, offered for sale, or imported by TPO and/or any of its respective assignees, successors, and/or those who act for or in concert with TPO at any time during the life of the '154 patent.

7. This Court shall retain jurisdiction for purposes of enforcing the terms of this Consent Judgment and the Settlement Agreement.

8. If TPO is found by the Court to be in contempt of, or otherwise to have violated this Consent Judgment, and/or to have breached the Settlement Agreement, Plaintiffs will suffer irreparable harm. In addition to equitable remedies available for contempt or violation of this Consent Judgment, and/or for breach of the Settlement Agreement, Plaintiffs shall be entitled to any damages caused by TPO's contempt or violation of this Consent Judgment and to recover their attorneys' fees, costs and other expenses incurred in enforcing this Consent Judgment and/or Settlement Agreement.

9. Other than as provided in paragraph 11 of this Consent Judgment, each party shall bear its own costs and attorneys' fees.

1          10.     No appeal shall be taken by any party from this Consent Judgment or
2   from any other ruling by this Court in this action, the right to appeal having been
3   expressly waived by all parties.
4          PURSUANT HERETO, the Clerk of this Court is directed to enter Final
5   Judgment in favor of Plaintiffs, without further notice.

7          **IT IS SO ORDERED, ADJUDGED AND DECREED** this 13th day
8   of May, 2010.

                                              _____
                                              RONALD S. W. LEW
                                              Senior, United States District Court Judge